IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TYLER WESLEY,<br><br>               Plaintiff,<br><br>vs.<br><br>WESTERN AUTO SUPPLY COMPANY,<br><br>               Defendant. | CIVIL ACTION<br><br>Case No. 1:25-CV-01737 |

## COMPLAINT

COMES NOW, TYLER WESLEY, by and through the undersigned counsel, and files this, his Complaint against Defendant, WESTERN AUTO SUPPLY COMPANY, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's WESTERN AUTO SUPPLY COMPANY, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff TYLER WESLEY (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Thornton, CO (Adams County).

3. Plaintiff is disabled as defined by the ADA.

1

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, WESTERN AUTO SUPPLY COMPANY (hereinafter "WESTERN AUTO SUPPLY COMPANY") is a foreign company that transacts business in the State of Colorado and within this judicial district.

8. Defendant, WESTERN AUTO SUPPLY COMPANY, may be properly served with process via its Registered Agent for service, to wit:  c/o The Corporation Company, Registered Agent, 7700 E. Arapahoe Road, Suite 220, Centennial, CO  80112-1268.

**FACTUAL ALLEGATIONS**

9. On or about April 9, 2025, Plaintiff was a customer at "Advance Auto Parts," a business located at 1300 E. 104th Avenue, Thornton, CO  80233, referenced herein as "Advance

Auto". *See* receipt attached as Exhibit 1. *See* also photo of Plaintiff attached as Exhibit 2.

10. Defendant, WESTERN AUTO SUPPLY COMPANY, is the owner of the real property and improvements that Advance Auto is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Defendant, WESTERN AUTO SUPPLY COMPANY, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, WESTERN AUTO SUPPLY COMPANY, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

12. Plaintiff's access to the Advance Auto, located at 1300 E. 104th Avenue, Thornton, CO  80233, Adams County Property Appraiser's property identification number: 0171914203001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13. Plaintiff lives less than 2 miles from the Property.

14. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

15. Plaintiff has visited the Property twice before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months after the barriers to access

3

detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer to Advance Auto, to determine if and when the Property is made accessible and to substantiate already existing standing for this lawsuit for Advocacy Purposes.

16. Plaintiff intends on revisiting the Property to purchase items and/or receive services as a return customer of Advance Auto as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access. As such, Plaintiff is dissuaded from returning to the Property until the barriers to access have been removed.

17. Plaintiff travelled to the Property as a customer twice before as a customer, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

18. Although Plaintiff may not have personally encountered each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit. As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be

4

exposed to barriers to access and legally protected injury.

19. Plaintiff's inability to fully access the Property and the stores in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

5

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. The Property must be, but is not, in compliance with the ADA and ADAAG.

29. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Defendant, WESTERN AUTO SUPPLY COMPANY, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant, WESTERN AUTO SUPPLY COMPANY, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, WESTERN AUTO SUPPLY COMPANY, is compelled to remove all physical barriers that exist at the

Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

33. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

i. The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. There are 100 marked parking spaces on the Property, which require a minimum of four accessible parking spaces, but there are only three accessible parking spaces. This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

ii. One of the three accessible parking spaces does not have a marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This barrier to access makes it nearly impossible for an individual in a wheelchair to enter and exit their vehicle at this accessible parking space due to the close presence of parked vehicles on either side of the accessible parking space not providing enough room for the wheelchair, this eliminates the accessible route from this accessible parking space.

8

iii. Due to a failure to enact a policy of proper parking lot maintenance, the ground surfaces of the three accessible spaces have vertical rises in excess of ¼ (one quarter) inch in height as well as openings in excess of half an inch or otherwise fail to comply with Sections 502.4, 302 and 303 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property.

iv. The accessible parking space that lacks an access aisle also has unlevel areas with a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as Plaintiff's wheelchair may roll down the slope while entering or exiting the vehicle.

v. The accessible parking space that is missing an access aisle is also missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

vi. Due to the lack of an access aisle, when a vehicle is parked in the accessible parking space and there are cars parked on either side of the accessible parking space, there lacks adequate space for Plaintiff to enter and exit their vehicle.  As a result, the Property lacks an accessible route from this accessible parking space to the accessible entrance of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

vii. The access aisle to the other two accessible parking spaces is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

viii. The accessible curb ramp is improperly protruding into the access aisle of the two accessible parking spaces in violation of Section 406.5 of the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

ix. The two accessible parking spaces are not level due to the presence of accessible ramp side flares in the accessible parking space in violation of Sections 502.4 and 406.5 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the van may rest upon the ramp and create an unlevel surface for Plaintiff to exit and enter their vehicle.

x. Due to a failure to enact a policy of proper parking lot maintenance, there is dirt and debris in one of the accessible parking spaces. As a result, the ground surfaces of the accessible space have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 502.4, 302 and 303 of the 2010

ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property.

xi. One of the two accessible parking spaces is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

xii. The bottom edge of the sign identifying the accessible parking space is at a height below 60 inches from the floor in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

xiii. There are no accessible parking spaces on the Property that have a sign designating an accessible parking space as "Van Accessible" in violation of Section 208.2.4 of the 2010 ADAAG standards and Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate a van accessible parking space.

xiv. The easternmost accessible parking space has a cross slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to enter and exit the vehicle as a level surface is needed so the wheelchair does not tip over and injure Plaintiff as excessive cross-slopes increase the likelihood of Plaintiff's wheelchair tipping over on its side and injuring Plaintiff.

xv. Inside Advance Auto, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of maximizing the number of items of sale in the store by placing items in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to properly utilize public features at the Property because the width of Plaintiff's wheelchair would prevent passage through areas with a width less than 36 inches.

xvi. Inside Advance Auto, as a result of the barrier to access identified in (xv), the Property lacks an accessible route connecting the exterior of the Property to all accessible elements and features inside the Property in violation of Section 206.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property due to the lack of a safe accessible route leading from the exterior to interior spaces inside the Property.

xvii. In front of Brakes Plus, the walking surfaces of the accessible route have a cross slope in excess of 1:48, in violation of Section 403.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because excessive cross-slope along accessible routes increases the likelihood of Plaintiff's wheelchair tipping over on its side and injuring Plaintiff.

xviii. Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**ADVANCE AUTO RESTROOMS**

xix. The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

xx. The door locking hardware providing access to the restrooms requires tight grasping and twisting of the wrist in violation of Section 404.2.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

xxi. The actionable mechanism of the paper towel dispenser in the restroom is located outside the maximum prescribed vertical reach range of 48 inches above the finished floor as set forth in Section 308.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to reach the actionable mechanism of the paper towel dispenser as individuals in wheelchairs are seated and have significantly less reach range than individuals who stand up.

xxii. The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the sink as the pipes underneath the sink typically have sharp surfaces and/or hot pipes, and since individuals in wheelchairs use a sink while seated, their legs are particularly vulnerable to these threats.

xxiii. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xxiv. The toilet paper dispenser serving the accessible toilet is not positioned seven to nine inches in front of the toilet and therefore is in violation of Section 604.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize the toilet due to the fact the toilet paper dispenser is at an improper distance from the toilet, given Plaintiff's disability, Plaintiff would not be able to get up and reach the toilet paper.

xxv. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the side bar is not 42 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xxvi. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.1 of the 2010 ADAAG standards as the side bar does not extend 54" from the rear wall. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xxvii. The soap dispenser in the restroom is located higher than 48 inches above the finished floor which is outside the prescribed vertical reach ranges set forth in

Section 308.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to reach the actionable mechanism of the soap dispenser as individuals in wheelchairs are seated and have significantly less reach range than individuals who stand up.

34. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

35. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 33 of this Complaint are all the type of modifications identified in 28 C.F.R. § 36.304 as readily achievable to accomplish.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, WESTERN AUTO SUPPLY COMPANY, has the financial resources to make the necessary.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable. According to the Adams

15

County Property Appraiser's Office the Property is collectively valued at $2,167,400.00.

41. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

42. Upon information and good faith belief, the Property has been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, WESTERN AUTO SUPPLY COMPANY, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, WESTERN AUTO SUPPLY COMPANY.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, WESTERN AUTO SUPPLY COMPANY, pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, WESTERN AUTO SUPPLY COMPANY, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, WESTERN AUTO SUPPLY COMPANY, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, WESTERN AUTO SUPPLY COMPANY, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, WESTERN AUTO SUPPLY COMPANY, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 3, 2025.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

ATTORNEYS FOR PLAINTIFF